## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN - AMENDED
## AND RELATED MOTIONS

Name of Debtor(s):   **Donald Levi Eldridge, Jr.**          Case No:  **12-71178**

This plan, dated  **March 21, 2013**  , is:

☐ the *first* Chapter 13 plan filed in this case.
■ a modified Plan, which replaces the
■confirmed or ☐unconfirmed Plan dated **4/16/2012**.

Date and Time of Modified Plan Confirming Hearing:
**Thursday, May 9, 2013 at 10:00 a.m**
Place of Modified Plan Confirmation Hearing:
**Chief Judge St. John-Ctrm 1, US Bankruptcy Ct., 4th Fl., 600 Granby St., Norfolk, VA   23510**

The Plan provisions modified by this filing are:
**1, 2, 4, 5**

Creditors affected by this modification are:
**ALL**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$130,852.00**
Total Non-Priority Unsecured Debt: **$36,394.69**
Total Priority Debt: **$6,038.93**
Total Secured Debt: **$115,900.00**

Page  1of 10

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$256.00 Monthly for 14 months, then $631.00 Monthly for 27 months, then $756.00 Monthly for 19 months**. Other payments to the Trustee are as follows: __NONE__. The total amount to be paid into the plan is $__34,985.00__.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

    1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
    2. Debtor(s)' attorney will be paid $__1,481.00__ balance due of the total fee of $__3,000.00__ concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.**
    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **IRS** | **Taxes and certain other debts** | 4,439.62 | Prorata 12 months |
| **Virginia Deptment of Taxation** | **Taxes and certain other debts** | 1,599.31 | Prorata 12 months |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A. **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| -NONE- | | | | |

    B. **Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| -NONE- | | | |

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

    **C.**    **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| -NONE- | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

    **D.**    **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

    **E.**    **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.**    **Unsecured Claims.**

    **A.**    **Not separately classified.**  Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims.  Estimated distribution is approximately __**77**__ %.  The dividend percentage may vary depending on actual claims filed.  If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __**0**__ %.

    **B.**    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

5.  **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    A.  **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **Carrington Mortgage Services** | 5612 Campus Drive, Virginia Beach VA 23462 | **1,186.55** | **8,783.60** | **0%** | **21 months** | **Prorata** |

    B.  **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

    C.  **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **-NONE-** | | | | |

6.  **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    A.  **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| **-NONE-** | |

    B.  **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **Sprint** | contract - cell phone | **0.00** | | **0 months** |

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                                                                    Best Case Bankruptcy

**7.    Liens Which Debtor(s) Seek to Avoid.**

   A.   **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

   B.   **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8.    Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.    Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.   Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**11.   Other provisions of this plan:**
**The Trustee shall pay claims in the following order:**

**1. Payment of debtor's attorney fees: The Claim for debtor's attorney fees shall be paid from all funds available on the first disbursement after confirmation of plan, and each disbursement thereafter until such claim for attorney fees is paid in full, except as reserved for adequate protection payments, if any, on allowed secured claims and trustee commissions.**
**2. Adequate protection payments: the trustee, in his sole discretion, may hold and accumulate the adequate p[rotection payments and disburse them in a manner and/or amount he deems fit, including in a minimum amount that he deems fiscally prudent and responsbile for the trustee and/or the creditor..**
**3. Order of Payment: In addition to any adequate protection payments and trustee commissions, payments to claims shall be paid in the following order: Debtor(s)' attorney fee first, then secured claims, then secured arrears, then priority unsecured claims, then general unsecured claims.**
**4. Student Loans: Debtor(s)' will list student loans, if any, which are long term in nature, on schedule F AND will make direct payments throughout the course of this plan as listed on schedule J. (if applicable).**

**There will be a step up in the plan payment of $125 beginning 9/2015 due to 401K loan being paid in full the previous month.**

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                                                                                Best Case Bankruptcy

**Signatures:**

**Dated:** **March 21, 2013**

| | |
|---|---|
| **/s/ Donald Levi Eldridge, Jr.** | **/s/ Steve C. Taylor** |
| **Donald Levi Eldridge, Jr.** | **Steve C. Taylor** |
| **Debtor** | **Debtor's Attorney** |

**Exhibits:**    **Copy of Debtor(s)' Budget (Schedules I and J);**
**Matrix of Parties Served with Plan**

Certificate of Service

I certify that on   **March 21, 2013**   , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List in compliance with Fed.R.Bankr.P. 7004. Insured depository institutions have been served via certified mail addressed to the officer named on the attached Service List. All other parties have been served via first class mail addressed as shown on the attached Service List.

**/s/ Steve C. Taylor**
**Steve C. Taylor**
Signature

**133 Mount Pleasant Road**
**Chesapeake, VA 23322**
Address

**(757) 482-5705**
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
### Eastern District of Virginia

In re  **Donald Levi Eldridge, Jr.**                                    Case No.  **12-71178**
                                    Debtor(s)                           Chapter   **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Carrington Mortgage Services**
**1610 E. St. Andrew Place #B150**
**Santa Ana, CA 92705**
*Name of creditor*

**5612 Campus Drive, Virginia Beach VA 23462**
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ■ To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2. ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

|  |  |
|---|---|
| Date objection due: | **7 days prior to confirmation hearing** |
| Date and time of confirmation hearing: | **Thursday, May 9, 2013 at 10:00 a.m** |
| Place of confirmation hearing: | **Chief Judge St. John-Ctrm 1, US Bankruptcy Ct., 4th Fl., 600 Granby St., Norfolk, VA  23510** |

**Donald Levi Eldridge, Jr.**
*Name(s) of debtor(s)*

By:  **/s/ Steve C. Taylor**
     **Steve C. Taylor**
     *Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Steve C. Taylor**
*Name of attorney for debtor(s)*
**133 Mount Pleasant Road**
**Chesapeake, VA 23322**
*Address of attorney [or pro se debtor]*

Tel. #  **(757) 482-5705**
Fax #   **(757) 546-9535**

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this __**March 21, 2013**__ .

/s/ Steve C. Taylor
**Steve C. Taylor**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

# United States Bankruptcy Court
### Eastern District of Virginia

In re **Donald Levi Eldridge, Jr.**

Debtor(s)

Case No. **12-71178**

Chapter **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Samuel I White, PC**
**5040 Corporate Woods Drive**
**Suite 120**
**Virginia Beach, VA 23462**

*Name of creditor*

*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

    ■ To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

    ☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2. *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **7 days prior to confirmation hearing** |
| Date and time of confirmation hearing: | **Thursday, May 9, 2013 at 10:00 a.m** |
| Place of confirmation hearing: | **Chief Judge St. John-Ctrm 1, US Bankruptcy Ct., 4th Fl., 600 Granby St., Norfolk, VA  23510** |

**Donald Levi Eldridge, Jr.**
*Name(s) of debtor(s)*

By: **/s/ Steve C. Taylor**
**Steve C. Taylor**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Steve C. Taylor**
*Name of attorney for debtor(s)*
**133 Mount Pleasant Road**
**Chesapeake, VA 23322**
*Address of attorney [or pro se debtor]*

Tel. # **(757) 482-5705**
Fax # **(757) 546-9535**

# CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this __**March 21, 2013**__ .

/s/ Steve C. Taylor
**Steve C. Taylor**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

Case 12-71178-SCS    Doc 39    Filed 03/21/13    Entered 03/21/13 18:42:40    Desc Main
Document      Page 10 of 18

B6I (Official Form 6I) (12/07)

In re **Donald Levi Eldridge, Jr.**   Case No. **12-71178**
                                    Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Divorced** | RELATIONSHIP(S): **Daughter** / **Son** | AGE(S): **6** / **8** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **supervisor** | |
| Name of Employer | **Geico** | |
| How long employed | **11 yrs.** | |
| Address of Employer | **1 Geico Landing** **Virginia Beach, VA 23454** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ **5,859.95** | $ **0.00** |
| 2. Estimate monthly overtime | $ **0.00** | $ **0.00** |
| 3. SUBTOTAL | $ **5,859.95** | $ **0.00** |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ **1,057.70** | $ **0.00** |
| b. Insurance | $ **448.39** | $ **0.00** |
| c. Union dues | $ **0.00** | $ **0.00** |
| d. Other (Specify): **401K** | $ **101.89** | $ **0.00** |
| **401K loan (PIF-8/2015)** | $ **125.64** | $ **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **1,733.62** | $ **0.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **4,126.33** | $ **0.00** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ **0.00** |
| 8. Income from real property | $ **0.00** | $ **0.00** |
| 9. Interest and dividends | $ **0.00** | $ **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **0.00** |
| 11. Social security or government assistance (Specify): | $ **0.00** | $ **0.00** |
| | $ **0.00** | $ **0.00** |
| 12. Pension or retirement income | $ **0.00** | $ **0.00** |
| 13. Other monthly income (Specify): **Profit share (1X yr-net-$4494.36)** | $ **374.53** | $ **0.00** |
| | $ **0.00** | $ **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **374.53** | $ **0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **4,500.86** | $ **0.00** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **4,500.86** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re  **Donald Levi Eldridge, Jr.**                              Case No.  **12-71178**
                                             Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ **1,186.55** |
|   a. Are real estate taxes included? | Yes **X**   No ___ | |
|   b. Is property insurance included? | Yes **X**   No ___ | |
| 2. Utilities:    a. Electricity and heating fuel | | $ **175.00** |
|             b. Water and sewer | | $ **75.00** |
|             c. Telephone | | $ **0.00** |
|             d. Other  **cell phone/internet** | | $ **154.00** |
| 3. Home maintenance (repairs and upkeep) | | $ **50.00** |
| 4. Food | | $ **300.00** |
| 5. Clothing | | $ **150.00** |
| 6. Laundry and dry cleaning | | $ **60.00** |
| 7. Medical and dental expenses | | $ **40.00** |
| 8. Transportation (not including car payments) | | $ **95.00** |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ **100.00** |
| 10. Charitable contributions | | $ **0.00** |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|             a. Homeowner's or renter's | | $ **0.00** |
|             b. Life | | $ **0.00** |
|             c. Health | | $ **0.00** |
|             d. Auto | | $ **112.00** |
|             e. Other _____ | | $ **0.00** |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) _____ | | $ **0.00** |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|             a. Auto | | $ **0.00** |
|             b. Other **Homeowners assoc. dues** | | $ **10.00** |
|             c. Other _____ | | $ **0.00** |
| 14. Alimony, maintenance, and support paid to others | | $ **944.00** |
| 15. Payments for support of additional dependents not living at your home | | $ **0.00** |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ **0.00** |
| 17. Other  **See Detailed Expense Attachment** | | $ **418.00** |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ **3,869.55** |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. | Average monthly income from Line 15 of Schedule I | $ **4,500.86** |
| b. | Average monthly expenses from Line 18 above | $ **3,869.55** |
| c. | Monthly net income (a. minus b.) | $ **631.31** |

**B6J (Official Form 6J) (12/07)**

In re **Donald Levi Eldridge, Jr.** Case No. **12-71178**

Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED
**Detailed Expense Attachment**

**Other Expenditures:**

| | |
|---|---:|
| personal care | $ 100.00 |
| contingent emergency fund | $ 100.00 |
| Child medical expenses | $ 21.00 |
| Travel/lodging to visit children 2X month ($160 ea) | $ 197.00 |
| **Total Other Expenditures** | $ **418.00** |

```
Buckeye Title Loans, LLC
Corporation Service Co. (RA)
1111 East Main St., 16th Floor
Richmond, VA 23219


Carrington Mortgage Services
1610 E. St. Andrew Place #B150
Santa Ana, CA 92705


Cash Net
200 West Jackson
Ste 1400
Chicago, IL 60606


Cash Net USA RA
Capital Corp. Svc, Inc.
10 S. Jefferson St., Ste. 1400
Roanoke, VA 24011


Check Into Cash
PO Box 550
Cleveland, TN 37364-0550


Check into Cash (RA)
CT Corporation System
4701 Cox Road, Ste 301
Glen Allen, VA 23060


Check Smart
1352 Kempsville Rd.
Virginia Beach, VA 23464


Cox Communications
P. O. Box 37237
Baltimore, MD 21297-3232


Credit Control Corp
11821 Rock Landing Dr.
Newport News, VA 23606


Credit Control Corp. (notice)
Terry C. Fuller, Reg. Ag.
11821 Rock Landing Dr.
Newport News, VA 23606
```

```
Direct TV
P.O. Box 129
Thorofare, NJ 08086


DT Credit Company, LLC
Corporation Service Company
Richmond, VA 23219


DT Credit Corporation
PO Box 29018
Phoenix, AZ 85038-9018


First Premier Bank
3820 N. Louise Ave
Sioux Falls, SD 57107


First Premier Bank (notice)
Mr. Dana J. Dykhouse, CEO
601 South Minnesota Ave.
Sioux Falls, SD 57104-4824


Focus Receivables Management
1130 Northchase Pkwy. Ste. 150
Marietta, GA 30067


Focus Receivables Management
CT Corp. System, R.A.
4701 Cox. Rd. Suite 301
Glen Allen, VA 23060


HSBC (CERT)
Stuart Gulliver, CEO
One HSBC Center
Buffalo, NY 14203


HSBC Bank
P.O. Box 5253
Carol Stream, IL 60197


Internal Revenue Svc.-CIO
PO Box 7346
Philadelphia, PA 19101-7346
```

```
IRS
P.O. Box 219236
Kansas City, MO 64121


IRS (RA) Civil Process Clerk
Office of US Atty, EDVA
101 W. Main Street, Ste 8000
Norfolk, VA 23510-1671


IRS/Atty Gen. of US (Notice)
U.S. Dept of Justice
950 Pennsylvania Avenue
Washington, DC 20530


Kay Jewelers
375 Ghent Road
Akron, OH 44333


National Credit Adjustment
Mark Huston, President
300 N Madison Street
Hutchinson, KS 67501


NCA
P O Box 550
Hutchinson, KS 67504


NCO Finan. Sys., Inc. (notice)
CT Corp. System
4701 Cox Road, Ste. 301
Glen Allen, VA 23060-6802


NCO Financial Systems, Inc.
507 Prudential Road
Horsham, PA 19044


Progress Insurance
P O Box 41466
Philadelphia, PA 19101-1466


Samuel I White, PC
5040 Corporate Woods Drive
Suite 120
Virginia Beach, VA 23462
```

```
Sterling Jewelers
Edward Parker, R.A.
5511 Staples Mill Road
Henrico, VA 23228


VA Attorney General (notice)
900 E. Main St.
Richmond, VA 23219


Verizon
Attn:  Bankruptcy Dept.
PO Box 3037
Bloomington, IL 61702


Verizon (RA)
CT Corporation System
4701 Cox Rd, Ste 301
Glen Allen, VA 23060-6802


Verizon Wireless
P.O. Box 26055
Minneapolis, MN 55426


Verizon Wireless (notice)
Daniel S. Mead, CEO
15 Federal Rd.
Brookfield, CT 06804


Virginia Deptment of Taxation
857 Westmoreland Street
Richmond, VA 23230


VW Credit, Inc.
1401 Franklin Boulevard
Libertyville, IL 60048


VW Credit, Inc.
Corporation Service Co. R.A.
1111 East Main Street
Richmond, VA 23219


Wells Fargo
P.O. Box 10335
Des Moines, IA 50306-0335
```

```
Wells Fargo  (notice-FDIC)
John G. Stumpf, CEO
420 Montgomery Street
San Francisco, CA 94104
```